IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-40045-TLS |
| | ) | |
| JEFFREY D. OLSON and | ) | CH. 7 |
| BETTY L. OLSON, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on April 8, 2009, on the Chapter 7 Trustee's Objection to Exemptions (Fil. #15), and a Resistance by Debtors (Fil. #16). George G. Vinton appeared for Debtors, and Philip M. Kelly appeared as the Chapter 7 Trustee.

### *BACKGROUND*

This bankruptcy proceeding involves the question of whether Debtors are entitled to claim a homestead exemption in real property located at 2103 East 4th Street, North Platte, Nebraska. The underlying facts are not in dispute and are as follows:

1.  Mrs. Olson owns two contiguous lots located in North Platte, Nebraska: 2103 East 4th Street ("2103 Property") and 2019 East 4th Street ("2019 Property"). The lots are side-by-side and each contains a two-bedroom residential house. Mrs. Olson purchased the 2019 Property on December 23, 1999. She purchased the 2103 Property on December 12, 2001.

2.  The 2019 Property has a fair market value of approximately $57,835.00, and is encumbered by debt in the approximate sum of $87,387.00. The 2103 Property has a fair market value of approximately $51,605.00, and has no indebtedness against it. Mrs. Olson borrowed against the 2019 Property to purchase the 2103 Property.

3.  Prior to December 2008, both Debtors and their son lived together as a family unit at the 2019 Property. Mr. Olson's father, who is now 81 years old, lived alone at the 2103 Property since March 2005.

4.  In December 2008, Mrs. Olson began living at the 2103 Property ostensibly for the purpose of helping to care for her father-in-law. Mr. Olson, however, continued to sleep at and operate a small business from the 2019 Property. Mr. and Mrs. Olson's son also continued to sleep at the 2019 Property.

5.  The parties have meals together at the 2103 Property and the family members all spend time there together and individually taking care of Mr. Olson's father.

6.  Shortly after Mrs. Olson elected to begin living at the 2103 Property, this bankruptcy was filed on January 9, 2009.

7.     Upon commencement of this bankruptcy proceeding, Debtors claimed a homestead exemption in the 2103 Property.

### *DISCUSSION*

The Chapter 7 Trustee believes that Debtors' claim of an exemption in the 2103 Property is a "sham" and an attempt to manufacture a homestead exemption in the 2103 Property. I do not believe the living arrangement for Mrs. Olson and her father-in-law is a sham since she has a legitimate reason for living at the 2103 Property. Also, I believe that the 2103 Property qualifies for a homestead exemption.

Under Nebraska law, the homestead exemption is available to married persons or to those who are "head of family." *See* Neb. Rev. Stat. §§ 40-101, 102, and 115; *Stumpf v. Roberts* (*In re Roberts*), 219 B.R. 235 (B.A.P. 8th Cir. 1998). The purpose of the exemption is to protect a debtor and his or her family in a home from forced sale on execution or attachment. *Blankenau v. Landess*, 626 N.W.2d 588, 595 (Neb. 2001) (citing *Fisher v. Kellogg*, 258 N.W. 404 (Neb. 1935)). Here, Debtors are married. Therefore, the provisions of Neb. Rev. Stat. § 40-115 regarding "head of family" are not applicable. Thus, the question is whether Mrs. Olson, as a married person, can claim the 2103 Property as her homestead.

Neb. Rev. Stat. § 40-101 provides as follows:

> A homestead not exceeding sixty thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner, and not in any incorporated city or village, or, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

According to the Nebraska Supreme Court, "[a]ll that the law requires on the subject is that the homestead claimant and his family should reside in this habitation or dwelling house, whatever be its character, on the premises claimed as a homestead." *Corey v. Schuster*, 44 Neb. 269, 62 N.W. 470, 472 (1895).

Debtors are claiming a homestead exemption in the 2103 Property because Mrs. Olson began living in that house in December 2008 and takes care of her father-in-law, who also lives in that house. Debtors further assert that Mr. Olson, together with Debtors' son, use both houses on a regular basis to take turns caring for Mr. Olson's father at the 2103 Property. Further, the family members testified that they have meals together at the 2103 Property and store personal belongings at that property. The yards of the two properties are combined into one large yard. A pet horse belonging to Debtors' son is kept in the combined yard. Although Debtors claimed the homestead exemption only in the 2103 Property (because the 2019 Property was over-encumbered), they feel

that they essentially use both properties and houses as their "dwelling." The family unit (Debtors, their son, and Mr. Olson's father) cannot fit in one of the two houses alone, so they use both houses.

The homestead definition (Neb. Rev. Stat. § 40-101) clearly contemplates the inclusion of two contiguous lots within an incorporated city can constitute a single homestead. However, it seems to contemplate a single "dwelling house." Here, there are two dwelling houses, but they are claiming the exemption in one house on one lot. The underlying facts of this case are certainly unique. However, this Court is guided by the principle clearly established by the Nebraska Supreme Court that "'[i]t has always been the policy of this court, as well as of courts generally, to give a liberal construction to the homestead law for the purpose of protecting and preserving the home for those who would be benefitted by its provisions.'" *Sanne v. Sanne*, 167 Neb. 683, 690, 94 N.W.2d 367, 372 (1959) (quoting *Dougherty v. White*, 112 Neb. 675, 200 N.W. 884, 885 (1924)).

Using a liberal construction of the homestead exemption found in Neb. Rev. Stat. § 40-101, *et seq.*, Mrs. Olson, as one of the claimants, is entitled to a homestead exemption not exceeding $60,000.00 in the dwelling house in which she resides. Her husband is not claiming a different homestead and, in fact, supports the claim. Although the Chapter 7 Trustee describes Mrs. Olson moving into the 2103 Property in December as a "sham," it is, nonetheless, a fact. Her driver's license shows the 2103 Property as her address, and the uncontroverted testimony is that she does reside in and sleep at the 2103 Property. She cares for her family (father-in-law as well as her husband and son) in that house despite the fact that her husband and son may sleep at the 2019 Property. Accordingly, using a liberal interpretation of the homestead definition and considering the unique facts and circumstances of this case, I find that Debtors are entitled to claim a homestead exemption in the 2103 Property.

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's Objection to Exemptions (Fil. #15) is overruled.

DATED: May 4, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    George G. Vinton
    *Philip M. Kelly
    U.S. Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.